The King *v.* Keliilike.

## SUPREME COURT—IN BANCO.

*Hartwell and Widemann, J. J.*

### THE KING *vs.* KELIILIKE.

Under a STATUTE against DISTILLING SPIRITS, an indictment is supported by evidence that materials were prepared, to distil, from which the process of DISTILLATION was begun, by fermentation, and was going on, although not completed.

Appeal from Circuit Justice of Waimea, on a charge of illicit distillation, tried at the November Term, A. D. 1869, of the Third Judicial Circuit, WIDEMANN, J., presiding.

The bill of exceptions presents the following as the evidence: That about midnight of March 9th, 1868, witnesses went to defendant's premises and found, in houses there, two barrels of ti-root beer, one of which was beginning to ferment, and outside the houses, a pile of roasted ti-root; also, in one house, a kettle, condenser, gun-barrel, and cooler, being all the apparatus commonly used for distilling, and the ti-root beer being such as is generally used for distilling; but they found no spirits and no *puhi waiona* (distilling, or, literally, blowing, spirituous liquors) going on. The defendant said, at that time, that the distilling apparatus was his, that he before had distilled with it, and was found guilty and fined therefor, and remarked: "Now you have caught me, I am *hewa*, (wrong.)"

On refusal of the Court to order a verdict of acquittal, the defendant's counsel moved that the jury be instructed: "That there was no such offense as an attempt at distillation, and that if they found that the defendant prepared the materials only, but never consummated the act by distillation, they will find him not guilty." Exceptions were taken to the refusal to give these instructions.

ATTORNEY GENERAL, S. H. PHILLIPS, FOR THE CROWN.

1. The Court correctly refused to instruct the jury to find a verdict of not guilty. It is not necessary to prove the *corpus delicti* by ocular demonstration. 3 Gr. Ev., §30.

2. There is such an offense as an attempt at distillation. Penal Code, Chapter 44.

3. In some respects, it may be correct to say that mere preparation will not prove the offense, but in view of the party's confession, it is right to assume that the jury must have been satisfied that he had completed the act of distillation on that very day—not of that liquor which, when found, was incompletely distilled, but of some more. He was *constantly* engaged in the business.

W. C. JONES, FOR DEFENDANT.

1. The defendant could be charged and found guilty of the act of distillation, and there was no evidence of distillation, but only of *preparation* to distill.

2. There is no such offense as an *attempt* at distillation, and the proof goes to show an attempt only. The ti-root beer had only commenced the process of fermentation, and was not in a condition to be distilled. No distilled spirits were found on the premises; no beer in the iron pot; no fire lit; no process of distillation going on, and the only proof of preparation was a barrel of ti-root beer in the incipient process of fermentation. Distillation was impossible from the facts in the case. The expression of the defendant, that he was *hewa*, related to his former acts of distillation, for which he had been fined. All the facts contradicted any presumption of his present guilt.

3. The act June 27th, 1859, is an amendment of Chapter 42, Penal Code, so as to make the act of distilling criminal, whether the article is manufactured for sale or private use.

HARTWELL, J.: The following is the statute under which the complaint was brought: "Whoever shall distill any

spirits in this Kingdom, shall be punished by a fine not exceeding one thousand dollars, nor less than fifty dollars, and in default of payment of such fine, shall be imprisoned at hard labor for a term not exceeding two years." Chapter 41, Section 8, Comp. Penal Code, (Civil Code, p. 442.)

The statute concerning attempts is as follows:

"Section 1. An attempt to commit an offense is some act done towards committing and in part execution of the intent to commit the same.

"Section 2. A mere preparation of the means of committing any offense, nothing being done in execution of the intent to commit the same, is not an attempt to commit the same.

"Section 5. Whoever attempts to commit an offense, for the punishment of which attempt no special provision is otherwise expressly made, shall * * be punished," &c. *Ib.*, Ch. 44.

Under this statute, the defendant might have been convicted of an attempt to distill if he had been charged with that offense, but he was not.

It was necessary that evidence, direct or indirect, be given, of acts from which the jury might infer that the defendant had distilled, or was in the act of distilling, spirits. On the principle that a man is supposed to know the natural consequences of his acts, courts have held that the possession of all the means of commiting an offense, such as a bar-room, decanters, bottles of liquor, &c., in complaints for selling intoxicating liquors, were sufficient, if unexplained, to convict. Com. *vs.* Mahony, 14 Gray, 46 ; Com. *vs.* Lamere, 11 Gray, 319 ; Com. *vs.* Dady, 7 Allen, 531. Where three sales were necessary to support a charge of being a common seller of wines, &c., evidence of one sale, and of all the necessary arragements for selling, and being prepared and ready and willing to sell to all who might apply, was sufficient for conviction. Com. *vs.* Tubbs, 1 Cush., 2.

So with evidence that a house was fitted up for the sale of of intoxicating liquor to be drunk on the premises, with evidence of persons resorting to the house and leaving it in such condition as to leave no reasonable doubt that liquor was sold to them on the premises.    To hold otherwise, "would be equivalent to a declaration that a person could not be found guilty of an offense such as is charged against the defendant on circumstantial evidence only.    But in criminal as in civil cases, a verdict may well be founded on circumstances alone, provided the evidence of them excludes every other reasonable hypothesis but that of the guilt of the party charged." Bigelow, C. J., in Com., *vs.* Van Stone, 97, Mass. 550.

The English Statute 37, Geo. 3, makes it a "felony for any person to make coin or counterfeit any kind of coin, not the proper coin of this realm, nor permitted to be current within the same but resembling," &c.    A prisoner was taken in the act of making counterfeit shillings in the ordinary way, by steeping round blanks composed of brass and silver, in aqua fortis.    No pieces were found in a completed state, but they, as taken from the liquor, looked like lead, and would not pass for current coin by resemblance.    The question whether the Statute covered this inchoate offense was brought before the judges, who held that the conviction was right.    1, East P. C., p. 165.

We are of the opinion in this case that it was not necessary to show a complete distillation, but it was enough to show that the process was then going on.    The jury undoubtedly asked themselves what the prisoner *was doing* if not distilling spirit, and were unable to answer the question by any other reasonable conclusion on the evidence, than the defendant's guilt.

Exceptions overruled.